**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSE EVANGELISTA,

Petitioner,

v.

ON HABEAS CORPUS,

Respondent.

Case No.: 1:16-cv-00199-JLT

ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION

THIRTY DAY DEADLINE

ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254

In this action, it appears that Petitioner has not raised a cognizable habeas claim. He does not identify any federal constitutional grounds for relief and, it appears, the state court denied his petitions on state law grounds. Thus, the Court will allow Petitioner one final opportunity to amend his petition to state a cognizable claim.

**I. DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure To State A Cognizable Habeas Claim

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Instead, Petitioner alleges that his trial counsel failed to timely file a notice of appeal in accordance with Petitioner's wishes. Petitioner requests habeas relief in the form of being given "an opportunity to file an appeal." (Doc. 1, p. 15). However, other than Petitioner's own self-serving statement, he has submitted nothing else that would support his claim that counsel agreed to file a notice of appeal. Moreover, Petitioner has not submitted any evidence suggesting that appealable issues exist.

Finally, the denial of his two state habeas petitions in the California Court of Appeal, Fifth Appellate District, in case numbers F071571 and F.072170 cited Cal. Rules of Court 8.60(d) and 8.308(a). (Doc. 1, pp. 23-24). Rule 8.60(d) provides that "for good cause," a reviewing court may relieve a party from default for any failure to comply with the court rules "except the failure to file a timely notice of appeal or a timely statement of reasonable grounds in support of a certificate of probable cause." Rule 8.308(a) provides that a notice of appeal must be filed within sixty days after the rendition of judgment or the making of the order being appealed. It also provides that, except as provided in Rule 8.66, "no court may extend the time to file a notice of appeal." [1] Clearly, the 5th DCA denied Petitioner's request to file a late notice of appeal based on state procedural rules and state law, not on federal constitutional grounds. As such, Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

Accordingly, if Petitioner wishes to state a cognizable federal habeas claim, he must allege a violation of federal constitutional law. If Petitioner is asserting that his trial counsel was ineffective,

[1] Rule 8.66 deals with "emergency" extension of time because of natural disasters such as earthquakes, fires, "or other public emergencies." Obviously none of those circumstances are present in this case.

he must allege both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052 (1984). Here, he has alleged neither. He has not established that his counsel was under a duty or obligation to file a notice of appeal. Nor has he established any prejudice by showing that appealable issues existed that he could not pursue because of counsel's deficient performance.

If Petitioner is instead arguing that the state court wrongly denied him leave to file a late notice of appeal, that claim sounds only in state law and fails to state a cognizable federal habeas claim. If Petitioner wishes to file an amended petition, he must allege facts and a legal theory that articulate cognizable federal habeas issues as described above.

C. Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court is the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

If Petitioner is arguing that the state courts should have permitted him to file a late notice of

appeal, that claim is not cognizable in federal habeas proceedings, as mentioned above. If Petitioner is instead arguing that trial counsel's performance was deficient, he must exhaust that claim in state court by "fairly" presenting it to the California Supreme Court. Merely seeking leave to file a late notice of appeal does not "fairly present" the issue of trial counsel's deficient performance under the Sixth Amendment to the state court. Accordingly, such a claim is unexhausted and the Court has no jurisdiction to consider it.

D. Statute of Limitations.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied*, 118 S.Ct. 586 (1997). The petition was filed on April 4, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner was sentenced on October 18, 2012. (Doc. 1, p. 1). The sixty day period for

filing a notice of appeal would have expired on December 18, 2012. The one-year limitation period would have commenced on the following day, i.e., December 19, 2012, and would have expired on December 18, 2013. The instant petition was filed on February 8, 2016, over three years after the limitation period expired. Thus, unless Petitioner is entitled to some form of tolling, the petition is untimely and cannot be pursued.

Petitioner alleges that he became aware of the fact that his attorney did not file a notice of appeal on March 6, 2014, when the Central California Appellate Program sent him a letter explaining that no appeal had been filed. (Doc. 1, p. 34). Petitioner then obtained trial counsel's files and, on August 23, 2014, realized that counsel had not filed an appeal. (Id., p. 27). Undoubtedly, Petitioner will argue that the one-year period runs from one of these two dates because he did not know of counsel's failure until that time. Petitioner would be wrong.

Under the AEDPA, the one-year period may run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. sec. 2244(d)(1)(D). Petitioner was aware on the date of his sentencing of the need to timely file an appeal and alleges he talked to his attorney about an appeal. Petitioner then waited approximately 18 months before contacting the Central California Appellate Program to find out if an appeal had been filed. However, the clear wording of the statute provides that the one-year period runs not from the date when Petitioner actually discovered the claim, but from the date the factual predicate *could have been discovered* through the exercise of reasonable diligence.

Petitioner could have checked with his attorney multiple times during the sixty-day filing period; he could have checked with the 5th DCA to learn whether counsel had filed an appeal; he could have followed up with both the attorney and the appellate court at regular intervals to monitor whether the appeal was being prepared and was timely filed; he did none of this. Accordingly, the one-year period ran and expired as stated above, not from the date Petitioner discovered the failure to file a notice of appeal. Accordingly, should Petitioner file an amended petition, he should provide further evidence of his due diligence or of other circumstances that would excuse the untimely filing of this petition.

///

E. Failure to Name A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent “On Habeas Corpus.” However, “On Habeas Corpus” is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the Pleasant Valley State Prison, Coalinga, California. The current director or warden of that facility is Scott Frauenheim, who is the person Petitioner should name as Respondent.

Petitioner’s failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). In any amended petition, Petitioner must name a proper respondent.

For all of the foregoing reasons, the instant petition in deficient. Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.

Accordingly, the Court **ORDERS**:

1. The petition for writ of habeas corpus is hereby **DISMISSED** with 30 days leave to submit a first amended petition. The first amended petition must comply with this order;
2. The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **February 19, 2016**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE