1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11  JOSE EVANGELISTA,                      )  Case No.: 1:16-cv-00199-JLT
                                            )
12              Petitioner,                 )  ORDER TO SHOW CAUSE WHY THE PETITION
                                            )  SHOULD NOT BE DISMISSED FOR FAILURE TO
13        v.                                )  OBEY A COURT ORDER
                                            )
14  ON HABEAS CORPUS,                       )  ORDER DIRECTING THAT A RESPONSE BE
                                            )  FILED WITHIN THIRTY DAYS
15              Respondent.                 )
    _____)
16

17          Upon preliminary screening of this action, the Court determined that it appeared the petition

18  failed to state a cognizable federal habeas claim, that it may be unexhausted and untimely, and that

19  Petitioner had failed to name a proper Respondent such to confer habeas jurisdiction.  Thus, on

20  February 22, 2016, the Court ordered Petitioner to amend his petition within thirty days.  (Doc. 4).

21  More than sixty days has passed, yet Petitioner has failed to do so or have any other contact with the

22  Court.

23          Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or

24  with any order of the Court may be grounds for imposition by the Court of any and all

25  sanctions…within the inherent power of the Court."  District Courts have the inherent power to control

26  their dockets and "in the exercise of that power, they may impose sanctions including, where

27  appropriate…dismissal of a case.  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

28  court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to

obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

## ORDER

For the foregoing reasons, the Court **ORDERS**:

    1.  Within 30 days, Petitioner SHALL show cause in writing why the petition should not be dismissed due to his failure to obey the Court's order.  **Petitioner may satisfy the Court's Order to Show Cause by filing an amended petition that complies with the Court's requirements specified in the February 22, 2016 order to amend**.

    **<u>Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

    Dated:  __**May 3, 2016**__              _____**/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

IT IS SO ORDERED.

    Dated:  __**May 3, 2016**__              _____**/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE