# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE EVANGELISTA,<br><br>    Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | Case No.: 1:16-cv-00199-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE<br><br>ORDER WITHDRAWING FEBRUARY 22, 2016 ORDER TO AMEND (Doc. 4) |

The instant petition seeks habeas relief in the form of an order requiring the state court to accept a late-filed notice of appeal. After conducting a preliminary screening of the petition, the Court ordered Petitioner to file an amended petition on February 22, 2016. (Doc. 4) In that order, the Court noted numerous potentially fatal defects to the petition, e.g., lack of exhaustion, failure to state a federal constitutional claim, untimeliness, and failure to name a proper respondent. The Court granted the petitioner thirty days within which to file an amended petition addressing the deficiencies identified by the Court.

After two months had passed without any response from Petitioner, the Court ordered the petitioner to show cause why the petition should not be dismissed for failure to respond to the Court's order. (Doc. 6) On June 16, 2016, the petitioner filed a response entirely in Spanish. (Doc. 7) On

1

June 20, 2016, the Court, attempting to liberally construe Petitioner's filing, interpreted the Spanish-language document as a request for additional time to file a response to the Order to Show Cause, and granted Petitioner an additional thirty days within which to respond. (Doc.8) That order also advised Petitioner that all filings must be in English.

On July 15, 2016, Petitioner filed a response that did not address why he had not filed an amended petition or respond to the Court's various orders. (Doc. 9) Rather, the brief response merely indicated that Petitioner was not familiar with the law and that he did not know what to do. Petitioner requested assistance from the Court and, along with his response, Petitioner submitted several letters, including one in Spanish. After reviewing the letters, the Court is not at all clear why they were included in the filing or the nature of their relevance to Petitioner's claims.

For the reasons set forth below, the Court will vacate its order to file an amended petition and recommend that the petition be dismissed for lack of personal and habeas jurisdiction, for untimeliness, and for lack of exhaustion.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Habeas Claim

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

1  Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in
2  the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice'
3  pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of
4  constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63,
5  75, n. 7, 97 S.Ct. 1621 (1977).

6      The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of
7  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he
8  is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall
9  entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in
10  violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules
11  Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that
12  "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."
13  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant
14  to 28 U.S.C. § 2254, Petitioner must demonstrate the adjudication of his claim in state court resulted in
15  a decision that was contrary to, or involved an unreasonable application of, clearly established Federal
16  law, as determined by the Supreme Court of the United States; or resulted in a decision that was based
17  on an unreasonable determination of the facts in light of the evidence presented in the State court
18  proceeding. 28 U.S.C. § 2254(d)(1), (2).

19      Petitioner does not allege a violation of the Constitution or federal law, nor does he argue he is
20  in custody in violation of the Constitution or federal law. Petitioner does not allege the adjudication of
21  his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable
22  application of, clearly established Federal law, . . . or resulted in a decision that was based on an
23  unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

24      Instead, Petitioner alleges his trial counsel failed to timely file a notice of appeal in accordance
25  with Petitioner's wishes.  Petitioner requests habeas relief in the form of being given "an opportunity
26  to file an appeal."  (Doc. 1, p. 15)    However, other than Petitioner's own self-serving statement, he
27  has submitted nothing else that would support his claim that counsel ever agreed to file a notice of
28  appeal.  Moreover, Petitioner has not submitted any evidence suggesting that appealable issues exist

1  were he to be permitted to file a late notice of appeal.

2  Finally, the order denying his two state habeas petitions filed in the California Court of Appeal, Fifth Appellate District, in case nos. F071571 and F072170, cited Cal. Rules of Court 8.60(d) and 8.308(a). (Doc. 1, pp. 23-24) Rule 8.60(d) provides that "for good cause," a reviewing court may relieve a party from default for any failure to comply with the court rules "except the failure to file a timely notice of appeal or a timely statement of reasonable grounds in support of a certificate of probable cause." Rule 8.308(a) provides a notice of appeal must be filed within sixty days after the rendition of judgment or the making of the order being appealed. Except as provided in Rule 8.66, "no court may extend the time to file a notice of appeal." [1]

Clearly, the 5th DCA denied Petitioner's request to file a late notice of appeal based on state procedural rules and state law, not on federal constitutional grounds. As such, Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

As the Court explained to Petitioner in its earlier order, in order for him to state a cognizable federal habeas claim, he <u>must</u> allege a violation of federal constitutional law. If Petitioner instead intends to assert that his trial counsel was ineffective, he must allege both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052 (1984). The instant petition alleges neither. He has not established that his counsel was under a duty or obligation to file a notice of appeal. Nor has he established any prejudice by showing that appealable issues existed that he could not pursue because of counsel's deficient performance.

If, on the other hand, Petitioner is arguing that the state court wrongly denied him leave to file

---

[1] Rule 8.66 deals with "emergency" extension of time because of natural disasters such as earthquakes, fires, "or other public emergencies." Obviously none of those circumstances are present in this case.

4

a late notice of appeal, that claim sounds only in state law and fails to state a cognizable federal habeas claim. Because the instant petition does not articulate any cognizable federal habeas claims, the Court recommends that the petition be dismissed.

### C. Exhaustion of Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

If Petitioner is arguing that the state courts should have permitted him to file a late notice of appeal, that claim is not cognizable in federal habeas proceedings, as mentioned above. If Petitioner is instead arguing that trial counsel's performance was deficient, he must exhaust that claim in state court by "fairly" presenting it to the California Supreme Court. Merely seeking leave to file a late notice of appeal does not "fairly present" the issue of trial counsel's deficient performance under the Sixth

1 Amendment to the state court. Accordingly, such a claim is unexhausted and the Court has no
2 jurisdiction over an entirely unexhausted petition.

3       D. <u>Statute of Limitations</u>

4       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
5 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus
6 filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);
7 <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).
8 The instant petition was filed on February 8, 2016, and thus, it is subject to the provisions of the
9 AEDPA.

10       The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal
11 petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). However, Petitioner was sentenced on
12 October 18, 2012. (Doc. 1, p. 1) The sixty day period for filing a notice of appeal would have expired
13 on December 18, 2012. The one-year limitation period would have commenced on the following day,
14 i.e., December 19, 2012, and would have expired on December 18, 2013. The instant petition was filed
15 on February 8, 2016, over three years after the limitation period expired. Thus, unless Petitioner is
16 entitled to some form of statutory or equitable tolling, the petition is untimely and cannot be pursued.

17       Petitioner alleges that he became aware of the fact that his attorney did not file a notice of
18 appeal on March 6, 2014, when the Central California Appellate Program sent him a letter explaining
19 that no appeal had been filed. (Doc. 1, p. 34) Petitioner then obtained trial counsel's files and, on
20 August 23, 2014, realized that counsel had not filed an appeal. (<u>Id</u>., p. 27) Undoubtedly, Petitioner
21 will argue that the one-year period runs from one of these two dates because he did not know of
22 counsel's failure until that time.

23       However, under the AEDPA, the one-year period may run from the date on which the factual
24 predicate of the claim or claims presented could have been discovered through the exercise of due
25 diligence. 28 U.S.C. § 2244(d)(1)(D). Petitioner was aware on the date of his sentencing of the need
26 to timely file an appeal and alleges he talked to his attorney about an appeal. Petitioner then waited
27 approximately 18 months before contacting the Central California Appellate Program to find out if an
28 appeal had been filed. However, the clear wording of the statute provides that the one-year period

runs not from the date when Petitioner <u>actually discovered</u> the claim, but from the date the factual predicate <u>could have been discovered through the exercise of reasonable diligence</u>.

Petitioner could have checked with his attorney on multiple occasions during the sixty-day filing period; he could have checked with the 5th DCA to learn whether counsel was filing an appeal; he could have followed up with both the attorney and the appellate court at regular intervals to monitor whether the appeal was being prepared and was timely filed. Reasonable diligence requires action of this sort. However, Petitioner did none of this. Accordingly, the one-year period ran and expired as stated above, not from the date Petitioner actually discovered the failure to file a notice of appeal.

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized by</u> <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); <u>see</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 193-194 (2006); <u>see</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226, (2002); <u>see</u> also, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

The instant petition alleges that Petitioner filed his first state habeas corpus petition in the California Court of Appeal, Fifth Appellate District ("5th DCA"), on May 21, 2015, and that it was denied on September 14, 2015. (Doc. 1, p. 3) Petitioner filed a second habeas petition in the 5th DCA on August 25, 2015 that was also denied on September 14, 2015. (Doc. 1, p. 4) Petitioner then filed a petition in the California Supreme Court on September 30, 2015 that was denied on January 20, 2016. (Doc. 1, pp. 4-5)

However, none of these state petitions affords Petitioner entitlement to statutory tolling because a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>Jiminez v. Rice</u>, 276 F.3d 478

7

1  (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v.
2  Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the
3  limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d
4  919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after
5  expiration of the one-year limitations period).  As mentioned, the one-year period expired on December
6  18, 2013, approximately eighteen months before Petitioner filed his first state habeas petition.

7        Finally, the running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to
8  equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon
9  v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to
10 equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to
11 file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal
12 quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of
13 diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations
14 may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant
15 seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing
16 his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 560
17 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger
18 equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro,
19 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted).  As a consequence, "equitable tolling is
20 unavailable in most cases." Miles, 187 F. 3d at 1107.

21       Although Petitioner would undoubtedly argue that he is entitled to equitable tolling because of
22 his counsel's failure to file a timely notice of appeal, such an allegation, even if true, is not sufficient to
23 justify equitable tolling. Simple attorney negligence, including a miscalculation of a filing deadline, is
24 not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period.  Holland v.
25 Florida, 560 U.S. 631, 651-652 (2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010);
26 Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.
27 2001).  However, attorney misconduct that is sufficiently egregious to meet the extraordinary
28 misconduct standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801.  Here,

Petitioner has not alleged any facts that would rise above the level of a "garden variety claim of excusable neglect." Holland, 560 U.S. at 651.

Moreover, Petitioner has failed to show diligence, as discussed above. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). Accordingly, the petition is untimely and should be dismissed for that reason alone.

E. Failure to Name A Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). The chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondents are his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner has named as Respondent "On Habeas Corpus." However, "On Habeas Corpus" is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the Pleasant Valley State Prison, Coalinga, California. The current director or warden of that facility is Scott Frauenheim, who is the person Petitioner should name as Respondent. Petitioner was advised of that jurisdictional deficiency in the Court's original order to amend. Petitioner has failed to correct this fatal flaw. Thus the Court lacks personal jurisdiction over the proper Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

///

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. The Clerk of the Court is DIRECTED to assign a District Judge to this case.
2. The Court's February 22, 2016 order to file an amended petition (Doc. 4), is WITHDRAWN.

**RECOMMENDATION**

Accordingly, for all of the reasons set forth above, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be **DISMISSED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 17, 2016**                    /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE